```
                                    FILED
                          CLERK, U.S. DISTRICT COURT

                                  3/8/2023

                          CENTRAL DISTRICT OF CALIFORNIA
                          BY: ____JB_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DENEYVOUS JAYAN HOBSON,<br>    aka "Nobby,"<br>    aka "NobbyTK," and<br>JAMES RUSSELL DAVIS,<br>    aka "Rogers Rozay,"<br>    aka "Pooda,"<br>    aka "Pudda,"<br><br>    Defendants. | CR   2:23-cr-00102-FLA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1951(a): Conspiracy to Interfere with Commerce by Robbery and Interference with Commerce by Robbery; 18 U.S.C. §§ 924(c)(1)(A)(ii), (iii): Possess, Use, Carry, Brandish, and Discharge a Firearm in Furtherance of and During and in Relation to a Crime of Violence; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. §§ 981(a)(1)(C), 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

   The Grand Jury charges:

                          COUNT ONE

                     [18 U.S.C. § 1951(a)]

                     [ALL DEFENDANTS]

A.   INTRODUCTORY ALLEGATIONS

   At times relevant to this Indictment:

   1.   Westcom Credit Union was a Southern California credit union with 24 branches throughout Los Angeles, Orange, Riverside, San

Bernardino, Ventura, Santa Barbara, and San Diego Counties.

2. Sectran Security Services ("Sectran") was a California-based company headquartered in Los Angeles, California that provided armored transportation, smart safe, cash management, and vault services for financial institutions and retailers throughout California.

B. OBJECT OF THE CONSPIRACY

Beginning on a date unknown, and continuing to on or about February 15, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendants DENEYVOUS JAYAN HOBSON, also known as ("aka") "Nobby," aka "NobbyTK," and JAMES RUSSELL DAVIS, aka "Rogers Rozay," aka "Pooda," aka "Pudda," and others known and unknown, conspired with each other to knowingly and intentionally interfere with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a).

C. MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1. Defendants HOBSON and DAVIS, along with other co-conspirators, would plan a robbery of an armored truck driver.

2. Defendants HOBSON and DAVIS would scout the robbery location.

3. Defendant DAVIS, driving one vehicle, would lead defendant HOBSON and their co-conspirators in another vehicle, to the robbery location.

4. Defendant HOBSON, along with three co-conspirators, would wait outside a business while an armored truck driver serviced ATMs.

5. Defendant HOBSON would get out of the getaway vehicle with one or two co-conspirators while an additional co-conspirator remained in the car.

6. Defendant HOBSON and a co-conspirator would brandish firearms in order to rob the armored truck driver.

7. Defendant HOBSON and co-conspirators would order the armored truck driver to the ground at gunpoint, have zip-ties at the ready, and take the armored truck driver's service firearm.

8. Defendant HOBSON and co-conspirators would steal cash from the open ATMs and from bags used by the armored truck driver.

D. OVERT ACTS

In furtherance of the conspiracy, and to accomplish the object of the conspiracy, on or about the following dates, defendants HOBSON and DAVIS, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1: On January 24, 2022, defendants HOBSON and DAVIS circled Westcom Credit Union, located at 2871 West 120th Street, Hawthorne, California ("WCU"), in defendant DAVIS's white Chevrolet Tahoe, bearing California license plate 7ABW490 ("defendant DAVIS's white Tahoe"), taking photographs and videos of the Sectran armored vehicle and its driver/employee, J.G., as J.G. serviced the WCU ATMs.

Overt Act No. 2: On January 24, 2022, at approximately 8:40 a.m., defendants HOBSON and DAVIS parked defendant DAVIS's white Tahoe across from WCU, facing the ATMs on which Sectran employee J.G. was working, to scout WCU and J.G. for a potential robbery.

Overt Act No. 3:   On February 14, 2022, defendant HOBSON, with three co-conspirators, traveled to WCU in a white Honda Accord (the "white Accord"), following defendant DAVIS's white Tahoe.

Overt Act No. 4:   On February 14, 2022, defendant HOBSON, with three co-conspirators, traveling in the white Accord, arrived at the WCU at approximately 8:48 a.m., while J.G. was servicing the WCU ATMs.

Overt Act No. 5:   On February 14, 2022, the driver of the white Accord remained in the car, while defendant HOBSON, carrying a black 9mm semi-automatic handgun, and with zip ties protruding from his pocket, together with two co-conspirators, got out of the white Accord and approached J.G.

Overt Act No. 6:   On February 14, 2022, defendant HOBSON and the two co-conspirators ordered J.G. to the ground at gunpoint.

Overt Act No. 7:   On February 14, 2022, one of the co-conspirators used the firearm to control J.G. and took J.G.'s service weapon, a .40 caliber handgun.

Overt Act No. 8:   On February 14, 2022, after approaching J.G., defendant HOBSON and the two co-conspirators stole approximately $166,640 in cash and customer checks from the WCU ATM.

Overt Act No. 9:   On February 14, 2022, as he and the two co-conspirators returned to the white Accord, defendant HOBSON fired the 9mm semi-automatic handgun he was carrying.

Overt Act No. 10:   On February 14, 2022, defendant HOBSON and the three co-conspirators fled in the white Accord.

Overt Act No. 11:   On February 15, 2022, defendant HOBSON attempted to sell the 9mm semi-automatic handgun he carried at the

WCU robbery via text for $800, stating that the weapon was "not all the way bad it was just show doing a get down."

COUNT TWO

[18 U.S.C. §§ 1951(a), 2(a)]

[ALL DEFENDANTS]

On or about February 14, 2022, in Los Angeles County, within the Central District of California, defendants DENEYVOUS JAYAN HOBSON, also known as ("aka") "Nobby," aka "NobbyTK," and JAMES RUSSELL DAVIS, aka "Rogers Rozay," aka "Pooda," aka "Pudda," each aiding and abetting the other, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendants HOBSON and DAVIS unlawfully took and obtained property consisting of approximately $166,640 in cash, belonging to Sectran Security Services, an armored car company that specialized in the transportation of valuables, the inventory of which traveled in interstate commerce, from the person and in the presence of an employee of Sectran Security Services, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee.

COUNT THREE

[18 U.S.C. §§ 924(c)(1)(A)(ii), (iii), 2(a)]

[ALL DEFENDANTS]

On or about February 14, 2022, in Los Angeles County, within the Central District of California, defendants DENEYVOUS JAYAN HOBSON, also known as ("aka") "Nobby," aka "NobbyTK," and JAMES RUSSELL DAVIS, aka "Rogers Rozay," aka "Pooda," aka "Pudda," each aiding and abetting the other, knowingly used and carried firearms, during and in relation to, and possessed those firearms in furtherance of, a crime of violence, namely, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Two of this Indictment, and, in so doing, brandished and discharged the firearms.

## COUNT FOUR

[18 U.S.C. § 922(g)(1)]

[DEFENDANT HOBSON]

On or about October 22, 2022, in Los Angeles County, within the Central District of California, defendant DENEYVOUS JAYAN HOBSON, also known as ("aka") "Nobby," aka "NobbyTK," knowingly possessed a firearm, namely, a Smith & Wesson Model M&P 9 Shield Plus, 9mm caliber pistol, bearing serial number JLB0511, and 10 rounds of ZQi Ammunition 9mm caliber ammunition, one round of Winchester 9mm caliber ammunition, and one round of Jagemann Technologies 9mm caliber ammunition, in and affecting interstate and foreign commerce.

Defendant HOBSON possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Robbery, in violation of California Penal Code 211, in the Superior Court of the State of California, County of Los Angeles, case number YA052531, on or about March 7, 2003;

2. Robbery, in violation of California Penal Code 211, in the Superior Court of the State of California, County of Los Angeles, case number YA052531, on or about March 7, 2003;

3. Robbery, in violation of California Penal Code 211, in the Superior Court of the State of California, County of Los Angeles, case number YA052531, on or about March 7, 2003; and

4. Assault with a Deadly Weapon, in violation of California Penal Code 245(a)(1), in the Superior Court of the State of California, County of Los Angeles, case number YA052531, on or about March 7, 2003.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 981(a)(1)(C), 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One or Two of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses;

   (b) All right, title, and interest in any firearm or ammunition involved in or used in any such offense and

   (c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Three or Four of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

*Scott M. Garringer*
*Deputy Chief, Criminal Division For:*

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

JEFFREY M. CHEMERINSKY
Assistant United States Attorney
Chief, Violent & Organized Crime Section

CHELSEA NORELL
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section

KEVIN J. BUTLER
Assistant United States Attorney
Violent & Organized Crime Section