E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6495
    Facsimile: (213) 894-0141
    E-mail: kevin.butler2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-00102-FLA-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM AS TO DEFENDANT JAMES RUSSELL DAVIS |
| v. | |
| DENEYVOUS JAYAN HOBSON, et al., | |
| Defendants. | Hearing Date: June 7, 2024<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom of the Hon. Fernando L. Aenlle-Rocha |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kevin J. Butler, hereby files Sentencing Memorandum as to Defendant James Russell Davis.

//

//

//

1

This Memorandum is based upon the files and records in this case, the Presentence Report and Plea Agreement in this case, and such further evidence and argument as the Court may permit.

Dated: May 24, 2024                    Respectfully submitted,

                                           E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

    /s/
KEVIN J. BUTLER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Defendant JAMES RUSSELL DAVIS ("defendant") awaits sentencing after pleading guilty to one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), and one count of discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii).  The United States Probation Office ("USPO") issued the PSR in this case on December 17, 2019, calculating a Guidelines range of 51 to 63 months, based on a total offense level of 23 and a category II criminal history.  In addition, defendant is subject to a 10-year mandatory sentence based on the § 924(c) conviction, which is to run consecutive to any Guidelines sentence defendant receives.  The government's calculations differ slightly and are consistent with the stipulated Guidelines set forth in the Plea Agreement.

As set forth below, the government submits that, taking into account the factors identified in 18 U.S.C. § 3553(a), a total term of custody of 166 months' imprisonment (calculated as mid-range 46 months' imprisonment under the Guidelines to run consecutive to the 120 months' imprisonment based on the § 924(c) conviction) is appropriate.  The government further recommends that defendant be sentenced to a five-year term of supervised release, and a special assessment of $200.  Such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to adequately deter defendant from committing further offenses, and to avoid unwarranted sentencing disparity with other similarly situated defendants.

1

## II. STATEMENT OF FACTS

As set forth in the Plea Agreement:

On February 14, 2022, in Los Angeles County, within the Central District of California, defendant and his co-conspirators robbed a Sectran Security Services armored truck by ambushing a Sectran truck driver after the truck driver finished servicing an ATM.

To carry out this robbery, three weeks prior, defendant and a co-conspirator cased the Westcom Credit Union, located at 2871 West 120th Street, Hawthorne, California, observing a Sectran truck driver servicing an ATM. Then, on February 14, 2022, around the same time of day as the casing, defendant and co-conspirators drove to that location to complete the robbery. During and before the robbery, defendant acted as a lookout and performed countersurveillance nearby. At the location, defendant's co-conspirator -- who was armed with a black semi-automatic handgun -- exited the vehicle with two other co-conspirators, one of which was armed with an AR-style rifle. Two co-conspirators pointed those firearms at the armored car driver, J.G., who was servicing the Wescom Credit Union Automatic Teller Machines. During the robbery, one of the conspirators forced J.G. to the ground by pressing a firearm to his head while a co-conspirator took J.G.'s service pistol from J.G.'s waistband, and kept a gun pointed at J.G. to restrain him during the robbery. Defendant's co-conspirators then took cash and customer checks from the Automat Teller Machines and bags nearby. During and in furtherance of the robbery, defendant's co-conspirator discharged the handgun he was carrying.

2

Defendant's co-conspirators stole bags filled with approximately $166,640 in cash belonging to Sectran Security Services.

The robbery affected interstate commerce in that Sectran Security Services is a company provides armored transportation, smart safe, cash management, and vault services to financial institutions and retailers throughout California, the proceeds of which flow through and from interstate commerce.

**III. PRESENTENCE INVESTIGATION REPORT**

    **A.   Guidelines Calculation**

The USPO concluded that defendant has a total offense level of 23. This results from a base offense level of 20 (U.S.S.G. § 2B3.1(a)), a two-level enhancement for physical restraint (U.S.S.G. § 2B3.1(b)(4)(B)), a two-level enhancement for funds taken from a financial institution (U.S.S.G. § 2B3.1(b)(1)), a two-level enhancement for loss amount (U.S.S.G. § 2B3.1(b)(7)(C))), and a three-level decrease for acceptance of responsibility (U.S.S.G. § 3E1.1(a), (b)). PSR, ¶¶ 31-51. The PSR also identifies defendant as a Criminal History Category of II.

The resulting Guidelines range, according to the PSR, with a total offense level of 23 and Criminal History Category of II, is 51 to 63 months' imprisonment. In addition, because of the § 924(c) count, defendant is subject to a 10-year mandatory term of imprisonment that must run consecutive to the Guidelines sentence. This results in a total Guidelines sentence of 171 to 183 months' imprisonment.

The government, on the other hand, has agreed in its Plea Agreement that the base offense level is 20, a two-level enhancement

3

for physical restraint (U.S.S.G. § 2B3.1(b)(4)(B)), a two-level enhancement for loss amount (U.S.S.G. § 2B3.1(b)(7)(C))), and a three-level decrease for acceptance of responsibility (U.S.S.G. § 3E1.1(a), (b)).  The total offense level under those calculations is 21.  The plea agreement's resultant Guideline range is then 41-51 months, and 161 to 171 months after the ten year mandatory minimum.

**IV.  APPLICATION OF THE § 3553 FACTORS**

The government submits that a sentence of 166 months' imprisonment, which is the mid-range of the Guidelines' range, followed by five years' supervised release is "sufficient, but not greater than necessary," to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2).

**A.  Legal Background**

"All sentencing proceedings are to begin by determining the applicable Guidelines range," which serves as "the starting point and the initial benchmark" for determining a reasonable sentence.  United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotation marks and citation omitted).  The parties should then be given an opportunity to argue for what they believe is an appropriate sentence.  Id.  Following argument by the parties, the Court must consider each of the sentencing factors listed in 18 U.S.C. § 3553(a), including the applicable Guidelines range, "to decide if [those factors] support the sentence suggested by the parties." Id.; see also Gall v. United States, 552 U.S. 38, 49 (2007).  In the end, the Court must impose a sentence that is "sufficient, but not greater than necessary," to reflect the offense's seriousness, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the

4

defendant with needed educational or vocational training, medical care, or other correctional treatment. See 18 U.S.C. § 3353(a); Carty, 520 F.3d at 991.

### B. Analysis

Defendant organized, assisted, planned, and counter-surveilled a dangerous armed robbery in which a firearm was stolen from the security guard and discharged. The use of a firearm to commit an armed robbery creates the potential for a multitude of violent and dangerous outcomes, including the one that occurred. Only by chance was no one shot or killed. Defendant engaged in this brazen robbery with no regard for the community, the employees, or the customers. Armed robberies where firearms are brandished and even discharged leave lasting stress and trauma that victims remember for their entire lives. These types of crimes have the unfortunate potential to lead to extraordinary violence.

The government recognizes that there are mitigating factors that exist in defendant's personal history and characteristics. Defendant grew up in difficult circumstances. Defendant even has a bullet lodged in his heart. Defendant has also accepted responsibility and entered a plea agreement and has conserved government resources, time, and expense.

The requested sentence serves the goals of both specific and general deterrence. As to specific deterrence, as mentioned above, the requested sentence, which is significant, will be defendant's lengthiest term of imprisonment. This sentence also serves the purposes of general deterrence by making clear that brazen armed robberies cannot continue.

Finally, the government believes that the requested sentence avoids unwarranted sentencing disparities with other defendants in similar circumstances as defendant.  The Court is entitled to rely on a correctly calculated Guidelines' range in finding that there is no unwarranted disparity between defendant and other offenders convicted of similar offenses.  <u>United States v. Treadwell</u>, 593 F.3d 990, 1011 (9th Cir. 2010).

All of these factors are accounted for in the government's recommendation, which balances the history and characteristics of the defendant with the nature of the crimes.  For these reasons, the government believes that a sentence of 166 months in custody is appropriate.

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to: (1) 166 months' imprisonment; (2) a five-year period of supervised release; and (3) a mandatory special assessment of $200.